IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOEL CLEARY, M.D., individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>    v.<br><br>RETIREMENT PLAN FOR EMPLOYEES OF NORTHERN MONTANA HOSPITAL, ADMINISTRATIVE COMMITTEE OF THE RETIREMENT PLAN FOR EMPLOYEES OF NORTHERN MONTANA HOSPITAL, DAVID HENRY, KIM LUCKE, BONNIE O'NEILL, and NORTHERN MONTANA HOSPITAL,<br><br>                       Defendants. | Case No. 4:16-cv-00061-BMM<br><br>**PROTECTIVE ORDER** |

**IT IS HEREBY ORDERED**, pursuant to Federal Rule of Civil Procedure 26(c), that any disclosures occurring by Mercer in the above-captioned case shall be conducted under the following terms:

## I. Definitions.

1. As used in this Protective Order, the following definitions shall apply, regardless of whether the term is capitalized:

    (a) "Confidential Information" means any Material that Mercer reasonably believes not to be in the public domain and reasonably believes

1

contains or constitutes a trade secret or other confidential, strategic, research, development, or commercial information, or any other information otherwise protected by Federal Rule of Civil Procedure 26(c)(1)(G), that if disclosed, would materially affect the party's or protected person's business, commercial or financial interests. "Confidential Information" also includes sensitive personal information about individuals who are not parties to this litigation or who are employed or otherwise engaged by the parties to this litigation.

       (b)    "Cleary" means Plaintiff Joel Cleary and all of his present and former employees, agents, partners, representatives, and attorneys.

       (c)    "Defendants" are the defendants identified in this litigation and any of their and all of his present and former employees, agents, partners, representatives, and attorneys.

       (d)    "Disclosed" is defined in the broadest sense definable and includes, but is not limited to, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

       (e)    "Material" means any Document produced by Mercer voluntarily or involuntarily or in response to formal or informal requests at any point during the course of this action.

(g) "Document" is defined to mean any material encompassed by the broadest possible definition of Federal Rule of Civil Procedure 34(a)(1) and (2).

(h) "Counsel" means the attorneys of record in this action and their law firms, as well as (i) other attorneys or consultants employed or retained by such law firms; (ii) any attorney subsequently retained or designated by any party to appear in this action; or (iii) any in-house counsel employed by a Party.

(i) "Mercer" means Mercer (US) Inc. and all of its domestic subsidiaries, affiliates, parents, partnerships, and joint ventures, as well as all present and former directors, officers, employees, agents, partners, representatives, and attorneys.

(j) "Party" means Mercer, Cleary, or Defendants.

(k) "This Action" means the above-captioned civil action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

## II. Types of Material That May be Designated Confidential.

2. Any Material may be designated by Mercer as "Confidential" under this Protective Order. Such a designation shall constitute a representation to this Court that counsel for Mercer believes in good faith that the material so designated constitutes Confidential Information as defined in this Order.

## III. Designation of Discovery Material as Confidential.

3. Notwithstanding Paragraph 4, Mercer may designate as Confidential copies of Material stamped with a legend which includes the language "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." If the entirety of a document is not comprised of Confidential Information, Mercer will identify portions of the documents that contain Confidential Information. Mercer will affix a legend to each page of the document containing Confidential Information in such a way that the legend does not interfere with the legibility of designated documents.

4. Mercer may designate as Confidential electronically-produced Material containing Confidential Information by including the language "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ODER" in the file name, in a slip sheet containing the file name accompanying the production, or in a separate writing accompanying the production. Any ambiguity regarding the Confidential nature of electronically-produced Material shall be construed by the Parties to mean the Material is Confidential.

5. Inadvertent production of Confidential Information or a failure to designate any Material as Confidential shall not be deemed a waiver of Mercer's claim of confidentiality as to such information; Mercer may thereafter designate such Information as Confidential as appropriate.

6.  Cleary shall provide to Mercer or its counsel a transcript of any hearing, deposition, or other proceeding where Confidential Information is referenced, incorporated, or discussed within fourteen (14) days after the transcript is available from the court reporter.  Any testimony or exhibits referring to, incorporating, or relating to the Confidential Information shall be treated as if designated Confidential for a period of thirty (30) days after the transcript is provided to Mercer or its counsel.  Within that thirty-day period, Mercer must notify the Parties of any portions of the transcript or any exhibits attached thereto that it wishes to continue to designate as Confidential.

7.  Cleary or Defendants shall require any person or entity described in paragraphs 9(e) and (f) below, to which access is given to Confidential Information or to which Confidential Information is disclosed to (1) agree on the record at a deposition or hearing to be bound by this Protective Order, or (2) to execute a declaration, as that term is used in 28 U.S.C. § 1746, which includes the language contained in Paragraph 11 of this Order.

**IV.   Permissible Uses of Confidential Information.**

8.  All persons or entities obtaining access to the Confidential Information produced in connection with this action shall use such Confidential Information only for purposes of this action, including any appeal related to such action, and shall not use the Confidential Information for any other purpose,

including the furtherance of a business interest or in any other administrative or judicial proceeding.

9. Except as otherwise authorized by this Order, Confidential Information may be disclosed only to the following persons:

(a) the Court;

(b) the Parties;

(c) Counsel;

(d) associated personnel of any person identified in sub-paragraphs 9(a) and (b) for whom access to Confidential Information is necessary to assist such persons in this action, including any Court personnel, persons assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel of Counsel, and stenographers, videographers, or other persons involved in taking or transcribing testimony in this action;

(e) consultants, experts, or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action, and principals and employees of the firm with which consultants or experts are associated;

(f) subject to the terms of paragraph 11, other persons not included in the above subparagraphs who may testify as a witness, either at a deposition or

at a court proceeding, for the purpose of assisting in the preparation or examination of the witness or potential witness.

10. Persons described in subparagraph 9(b) and 9(c) (and their associated personnel referred to in subparagraph 9(d)) shall be deemed bound by the terms of this Order upon its entry by the Court. Persons described in subparagraph 9(c) must advise their associated personnel of this Order before providing such persons or entities access to Confidential Information.

11. Each individual described in Paragraph 9 above, to whom Confidential Information is disclosed, shall not disclose that information to any other individual, except as provided in this Order, or use it for any purpose other than in connection with this action. Before any Confidential Information may be disclosed to any person described in subparagraphs 9(e) and 9(f) above, he or she shall have first read this Order or have otherwise been instructed in his or her obligations under the Order by Counsel for a Party. Before any Confidential Information may be disclosed to any person or entity other than those persons described in subparagraphs 9(a), (b), (c), and (d) above, the Party making the disclosure shall show the person a copy of this Protective Order and that person or entity shall agree in writing, or on the record during a trial or deposition, to be bound by the terms of this Protective Order. If in writing, the declaration, as that

term is used in 28 U.S.C. § 1746, shall include all of the following language, with bracketed language modified as necessary:

> I hereby acknowledge that I, [name, address, telephone number, e-mail address, position of employment], am about to receive Confidential Information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Protective Order of [date entered] in Cleary v. Retirement Plan for Employees of Northern Montana Hospital, pending in the United States District Court for the District of Montana. I have been given a copy of and have read this Order and agree to be bound by its terms. I agree to submit to the jurisdiction of the United States District Court for the District of Montana and agree that venue is appropriate in the United States District Court for the District of Montana for the sole purpose of having the terms of this Order enforced.

The original of each declaration executed in accordance with this Paragraph shall be retained by Counsel for the Party for a period of not less than one year following the final resolution of this action. With the exception of declarations executed by non-testifying experts, a copy of each such declaration shall be made available to Mercer or its counsel within fourteen (14) days after execution. With respect to declarations executed by non-testifying experts, a copy of each such declaration shall be made available to Mercer or its counsel within fourteen (14) days after execution. Neither Mercer nor its counsel will disclose the contents of any such declaration to any other person or entity.

## V. Filing Under Seal.

12. The Parties shall follow Local Rule 5.1 with respect to filing items subject to protective order under seal.

## VI. Use of Confidential Information at Subsequent Hearings.

13. The parties shall confer and attempt to agree before any hearing or trial on the procedures under which Confidential Information may be introduced into evidence or otherwise used at any public hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at any such hearing or trial upon reasonable notice.

## VII. Procedure Upon Termination of Action.

14. Within sixty (60) days following the expiration of any applicable time to appeal any order or ruling entered in this action, Cleary and Defendants shall either (a) return to Mercer all copies of all Confidential Information obtained in this action or (b) certify under penalty of perjury that every person or entity to whom/which Confidential Information was provided has destroyed or rendered permanently inaccessible any Confidential Information. As to those materials that contain or reflect Confidential Information, but that constitute or reflect Counsel's work product, Counsel shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as Counsel continues to maintain the Confidential nature of such information and does not use such

information in connection with any other proceeding or action.  This paragraph is not intended to supplant Paragraph 8 in any manner, and in the event of a conflict between this Paragraph and Paragraph 8, Paragraph 8 shall govern.

**VIII.**         <u>**Miscellaneous Provisions.**</u>

    15.    This Order shall not affect the right of any party or protected person to oppose production of Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.  Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

    16.    Nothing in this Order shall prejudice the right of any party or protected person to move the Court to broaden or restrict the rights of access to and use of particular Confidential Information, or to seek modifications of this Order upon due notice to all other parties and affected protected persons.

    17. Cleary and Defendants may challenge the "Confidential" designation of any document by notifying all Parties and providing Mercer with fourteen (14) days' notice within which to move the Court for an Order preventing or limiting disclosure.  The burden of establishing that the document or information is Confidential under the protective order is on Mercer as the producing party.  The Parties shall in good faith attempt to resolve such disagreement before submitting it to the Court.  If Mercer, as the producing party, files such a motion within such

time, the documents shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion. If no motion is filed within that time (or such other time frame as the Parties may agree) the "Confidential" restriction of this Order shall no longer apply to such document. The Parties agree that any motion or proceeding conducted under this Paragraph shall be conducted in the United States District Court for the District of Montana (Great Falls Division), and all Parties consent to the jurisdiction of that Court for this purpose.

18. All persons or entities governed by this Order, including any person or entity defined in Paragraphs 9 or 11, by reviewing Confidential Information, or seeking the protections of this Order for Material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

DATED this 11th day of April, 2017.

_____
Brian Morris
United States District Court Judge