# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

|  |  |
|---|---|
| JOEL CLEARY, M.D., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>RETIREMENT PLAN FOR EMPLOYEES OF NORTHERN MONTANA HOSPITAL, ADMINISTRATIVE COMMITTEE OF THE RETIREMENT PLAN FOR EMPLOYEES OF NORTHERN MONTANA HOSPITAL, DAVID HENRY, KIM LUCKE, BONNIE O'NEILL, and NORTHERN MONTANA HOSPITAL,<br><br>        Defendant, | CV-16-61-GF-BMM-JCL<br><br><br>FINAL ORDER<br>AND JUDGMENT |

      This is a case brought under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001 *et seq*., claiming violations of the terms of the Plan and violations of ERISA including breach of fiduciary duty. In a mediation conducted by the Honorable Jeremiah C. Lynch, U.S.M.J., on May 24,

1

2018, and supplemented by an exchange of letters and a subsequent telephone conference with Magistrate Judge Lynch on July 2, 2018, Plaintiff and Defendants reached a settlement of the Action. A Settlement Stipulation and Proposed Order was signed on July 30, 2018, on behalf of Plaintiff and on July 27, 2018, on behalf of Defendants ("Settlement Stipulation") and was filed with the Court on July 30, 2018 and So Ordered by the Court on July 30, 2018 (the "Preliminary Approval Order"). ECF 147. Before the Court is Plaintiff's Motion for Final Approval of the Settlement ("Final Approval Motion").[1]

The Preliminary Approval Order, *inter alia*, preliminarily approved the Settlement, approved the content of the Notice to Covered Participants as well as the method for providing that Notice to Covered Participants and scheduled a Fairness Hearing. The Court has received a Declaration attesting to the mailing of the Notice in accordance with the Preliminary Approval Order, ECF No. 149, as well as a Declaration confirming that no Covered Participant (or anyone else) has objected to the Settlement. ECF No. 154. The Fairness Hearing was held on November 7, 2018 (the "Fairness Hearing") (i) to determine whether to grant the Final Approval Motion; and (ii) to rule upon such other matters as the Court might deem appropriate.

---

[1] All capitalized terms used in this Order and Final Judgement and not defined herein shall have the meanings assigned to them in the Settlement Stipulation.

IT IS THEREFORE ORDERED. ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and personal jurisdiction over the Defendants pursuant to 29 U.S.C. § 1132(e)(2).

2. In accordance with the requirements of due process, the Covered Participants have been given proper and adequate notice of the Settlement, the Fairness Hearing, and the Final Approval Motion, such notice having been carried out in accordance with the Preliminary Approval Order. The Notice and notice methodology implemented pursuant to the Settlement Stipulation and the Court's Preliminary Approval Order (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Covered Participants of the proposed Settlement, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law. See e.g. ECF No. 149 (Notice successfully delivered to 97.2% of potential recipients).

3. The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Action and of the

strengths and weaknesses of their respective positions. The Settlement was reached in the course of a mediation conducted by a United States Magistrate Judge. Plaintiff's Counsel and counsel for Defendants were therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

4. The proposed Settlement warrants final approval because it is fair, adequate, and reasonable to the Plaintiff and the Covered Participants based upon (a) the likelihood of success on the merits weighed against the amount and form of relief offered in the Settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) the lack of any objections to the proposed Settlement; (f) the fact that the Settlement is the product of arm's-length negotiations as opposed to collusive bargaining and was reached in the course of a mediation conducted by a United States Magistrate Judge; and (g) the fact that it is consistent with the public interest.

5. The Final Approval Motion is GRANTED, and the Settlement hereby is APPROVED as fair, reasonable, and adequate to the Plaintiff and the Covered Participants, and in the public interest. The Parties are directed to consummate the Settlement in accordance with the terms of the Settlement Stipulation.

6. The Settlement Payments are hereby APPROVED as fair, adequate, and reasonable. Upon this Order becoming Final, and pursuant to the provisions of the Settlement Stipulation, the Settlement Payments shall be paid to the Covered Participants in the amounts set forth in Amended Exhibit 1 to the Settlement Stipulation (filed under seal). ECF No. 151.

7. The Hospital is enjoined to comply with ERISA § 209, 29 U.S.C. § 1059, which requires, inter alia, that the "every employer shall, in accordance with such regulations as the Secretary [of Labor] may prescribe, maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees."

8. The Hospital and the Plan are enjoined as follows:

   a. The *Plan's* claims procedure must comply in writing and in practice with the provisions of ERISA § 503, 29 U.S.C. § 1033, and 29 C.F.R. § 2560.503-1; and

   b. Whenever a *Person* seeks benefits under the *Plan*, the *Person* shall be informed of the amount of the benefit to which he/she is entitled or that he/she is not entitled to a benefit as the case may be (collectively the "Benefit Determination"). In either event, the *Plan* will apprise the *Person* of his/her right to question the calculation of the benefit amount or the denial of a benefit via the *Plan's* claims procedures.

5

The *Person* shall be further informed of his/her right to receive the information used to calculate the benefit amount and the *Person's* right to appeal the benefit calculation. This shall include the information required by 29 C.F.R. § 2560.503-1(g), (h)(i)-(iv) without regard to whether or not the Benefit Determination would be considered an adverse benefit determination under 29 C.F.R. § 2560.503-1.

9. The releases provided for in paragraphs 6(a) and 6(b) of the Settlement Stipulation are approved in all respects.

10. As provided for in paragraph 6(c) of the Settlement Stipulation, Covered Participants who receive Settlement Payments may not pursue Barred Claims which are any claim, in law or in equity, that any Covered Participant may have against any of the Defendants arising out of the facts alleged in the Complaint, including any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs, subsumed therein. Barred Claims include the express waiver and relinquishment, to the fullest extent permitted by law and equity, of the provisions, rights and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially

affected his or her settlement with the debtor." The foregoing notwithstanding, Barred Claims shall not include any claim for Vested Benefits from the Plan.

11. The Court retains jurisdiction over the Action and the Parties for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment.

12. As set forth in paragraph 5.6 of the Settlement Stipulation, Plaintiff's application for an award of attorneys' fees, costs and expenses shall be filed within 14 days after entry of this Final Order and Judgment.

13. Upon this Order and Final Judgment becoming Final, this Action is DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Settlement Stipulation. However, in the event that the Settlement is terminated in accordance with the terms of the Settlement Stipulation, this Final Order and Judgment shall be null and void and shall be vacated nunc pro tunc, and paragraph 11.2 of the Settlement Stipulation shall govern the rights of the Parties.

There is no just reason for delay in the entry of this Order and Final Judgement, and immediate entry by the Clerk of the Court is expressly directed.

DATED this 7th day of November, 2018.

_____
Brian Morris
United States District Court Judge